963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony K. NALIIELUA; Debra A. Naliielua, Plaintiffs-Appellants,
v.
BEKINS MOVING AND STORAGE OF HAWAII, INC., Defendant,
and
State of Hawaii; Department of Hawaiian Home Lands; John
Waihee, individually and in his capacity as Governor of the
State of Hawaii; Ilima Piianaia, individually and in her
capacity as former Director, Department of Hawaiian Home
Lands; Hoaliku L. Drake, individually and in her capacity
as Director of Hawaiian Home Lands; Warren Price, III,
individually and in his capacity as Attorney General of the
State of Hawaii; George K. Kaeo, Jr., individually and in
his capacity as Deputy Attorney General, State of Hawaii;
Kumu B. Vasconcellos, individually and in his capacity as
Deputy Attorney General, State of Hawaii; Clayton Lee
Crowell, individually and in his capacity as Deputy Attorney
General, State of Hawaii, Defendants-Appellees.
 No. 91-15798.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 15, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony and Debra Naliielua ("Naliieluas" or "appellants") appeal from the district court's grant of summary judgment in favor of the State of Hawaii, the Department of Hawaiian Home Lands, and all remaining individual defendants (collectively, "appellees"),[1] arguing, inter alia, that the appellees violated their civil rights by evicting the appellants from their leasehold. The Naliieluas also seek to recover their attorney's fees on appeal. We review de novo, see Brown Bag Software v. Symantec Corp., No. 89-16239, slip op. 3719, 3730 (9th Cir. Apr. 7, 1992), and we affirm.
 
 
 3
 The appellants list seven issues in their opening brief. The gist of their contentions, however, is that the Hawaiian Homes Commission Act ("Act")[2] is unconstitutional and, therefore, the appellees' conduct thereunder was both illegal and actionable under 42 U.S.C. §§ 1983 and 1985(3). While insisting that the Naliieluas' arguments are frivolous, the appellees urge us to avoid even reaching the merits thereof on the ground that the appellants' contentions are foreclosed by the doctrines of collateral estoppel and law of the case.
 
 
 4
 Whatever the validity of the appellees' claim that our earlier decision precludes us from reaching the merits of this appeal, we cannot help but note the near identity of issues--and lack of merit to the appellants' arguments--presented in the two cases. It is clear, for example, that the Naliieluas, as beneficiaries of the Act, lack the necessary standing to challenge its constitutionality, either for themselves, see Allen v. Wright, 468 U.S. 737, 751 (1984), or on behalf of third parties. See Warth v. Seldin, 422 U.S. 490, 499 (1975). As for the balance of the appellants' claims (e.g., infliction of emotional distress and conspiracy), they are not cognizable under federal civil rights law in the absence of some violation of federal law. Cf. Keaukaha-Panaewa Community Ass'n v. Hawaiian Homes Comm'n, 588 F.2d 1216, 1226-27 (9th Cir.1978) ("In essence, this is an action brought against state officers to compel them to administer state lands in conformance with the state constitution."), cert. denied, 444 U.S. 826 (1979).
 
 
 5
 Accordingly, the decision of the district court is AFFIRMED. The appellants' request for attorney's fees on appeal is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 3, 1990 Bekins Moving and Storage of Hawaii, Inc. ("Bekins") filed a Motion to Dismiss with Prejudice, [for] Judgment on the Pleadings and [for] Entry of Final Judgment. Following a hearing with oral argument and supplemental briefing by the parties, the district court granted the motion in favor of Bekins on May 29, 1990 and entered judgment thereon two days later. The Naliieluas timely appealed and we affirmed the judgment in an unpublished memorandum disposition. See Naliielua v. Bekins Moving & Storage of Hawaii, Inc., No. 90-15842 (9th Cir. Aug. 5, 1991)
 During the pendency of Bekins' appeal the appellees filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. The district court heard oral argument on the motion but, before ruling on it, permitted the appellants to conduct additional discovery and allowed both sides to file supplemental briefs on the issues raised. Because the parties submitted matters outside the pleadings, both in opposition to and in support of the motion, the district court construed the motion as being one for summary judgment. The district court granted the motion on April 16, 1991, and entered judgment thereon six days later.
 
 
 [2]
 See Act of July 9, 1921, ch. 42, 42 Stat. 108 (1921). The Act became part of Hawaii's state constitution in 1959. See Hawaii Admission Act, Pub.L. No. 86-3, § 5, 73 Stat. 5 (1959); Haw. Const. art. XI